IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENRIQUE C. MONTOYA,

        Plaintiff,

vs.                                       CIVIL NO. 01-642 BB/LFG

MAUREEN ROBINS
and JEAN BERGERON,

        Defendants.

## **MEMORANDUM OPINION RECOMMENDING DISMISSAL**

THIS MATTER is before the Court *sua sponte*. On December 20, 2001, the Court issued an order directing the Plaintiff, Enrique C. Montoya ("Montoya"), to show cause why Rule 16 sanctions, including dismissal of his case with prejudice, should not be imposed.

The Court's December 20, 2001 order was entered because Montoya failed to make mandatory disclosures required under Fed. R. Civ. P. 26(a)(1); failed to respond to Defendant's written discovery requests within the time permitted by law; and after the Court granted an extension of discovery, Montoya failed to meet the extended discovery deadlines. Montoya also failed to identify experts or submit Fed. R. Civ. P. 26 expert reports within the time provided by the Court's order.

Montoya was directed to respond to the Court's December 20, 2001 order by filing a written response and supporting affidavit. However, he failed to submit any response whatsoever to the Court's order.

Under these circumstances, sanctions should be entered. The determination of the appropriate sanction is a fact-specific inquiry made by the Court. Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir.

1992). The Court recognizes that dismissal of a party's lawsuit represents an extreme sanction and is appropriate only in cases of willful misconduct. Id.; Meade v. Grubbs, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988). If a lesser sanction will deter an errant party from misconduct, then, a sanction other than dismissal should be utilized. Because a dismissal with prejudice defeats a litigant's right of access to the Courts, it is used only as a last rather than as a first resort. Id.

In Ehrenhaus, the Tenth Circuit directed district courts to consider numerous factors prior to choosing dismissal as an appropriate sanction. Those factors include: (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would likely be taken as a sanction for non-compliance; and, (5) the efficacy of lesser sanctions. With these factors in mind, the Court determines the appropriateness of sanctions in this case.

## **Prejudice to Opposing Party**

Montoya's failure to make initial disclosures, failure to respond to written discovery, failure to disclose his experts or to produce expert reports all serve to disadvantage Defendants' ability to defend this case. Defendants are left to guess as to the evidence Montoya has, if any, to support his contentions.

The prejudice suffered by Defendants includes increased expense and delay. Because preliminary disclosures have not been made, Defendants are forced to spend more time and money in discovery, and the delays occasioned by Montoya's non-compliance significantly increase the costs of litigation. In the interim, a cloud of litigation hangs over Defendants' heads. The Court determines that Defendants are indeed prejudiced by Montoya's failures.

## Interference with the Judicial Process

Case management deadlines were imposed as a means of complying with a congressional mandate under the Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* The Act is intended to minimize delay and to advance the ultimate disposition of litigation. Here, due to Montoya's non-compliance with discovery obligations, it is clear that this case cannot be resolved within the time deadlines contemplated by the district's Civil Justice Expense and Delay Reduction Plan. The case management deadlines have almost all elapsed, and the parties are no closer to knowing the opponent's evidence than they were when the case was filed. This case management plan contemplates a target dispositional date so as to bring the case to completion within a reasonable period of time. Montoya's failure to comply with discovery obligations thwarts the Court's ability to effectively manage this case and to bring it to final disposition within the specified target date. Montoya's failures have already delayed the processing of the case and will surely interfere with the Court's ability to expeditiously resolve this matter. Thus, the Court finds that Montoya's acts and omissions have significantly interfered with the judicial process.

## Culpability of the Litigant

If the failure to comply with discovery obligations or court directives is the fault of an attorney, then the attorney is the proper party to suffer the sanction. In Re Sanction of Baker, 744 F.2d 1438 (10th Cir. 1984); M.E.N. Co. v. Control Fluidics, Inc., 834 F.2d 869, 872 (10th Cir. 1987). Montoya represents himself. Thus, all failures to comply with discovery obligations, directives and scheduling orders are his and the blame falls squarely on his own shoulders.

## Prior Warning

The Court next considers whether it gave a prior warning that the lawsuit may be dismissed.

Willner v. Univ. of Kansas, 848 F.2d 1020 (10th Cir. 1988). The Court's December 20, 2001 Order to Show Cause specifically states:

> Such failures, if established, can warrant imposition of sanctions, including dismissal of a case with prejudice. Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992). Accordingly, Plaintiff, Enrique C. Montoya, is directed to show cause, if any he has, by way of written response and affidavit, filed with the Court within ten days, why Rule 16 sanctions should not be imposed, including dismissal of his case with prejudice for the alleged violations of discovery obligations and Court orders.

It is clear that Montoya was placed on notice that failure to comply with discovery obligations could result in sanctions, including dismissal with prejudice. More significantly, Montoya was given an opportunity to explain why sanctions should not be imposed. Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1465-66 (10th Cir. 1988). For whatever reason, Montoya chose not to respond to the Court's directive. The Court concludes that Montoya has been appropriately warned by the Court of potential consequences of violations, including dismissal of his case with prejudice.

## Efficacy of Lesser Sanctions

Here, notwithstanding the Court's earlier notice that failure to comply with Court orders and directives could result in imposition of sanctions, including dismissal of his litigation, Montoya ignored the Court's order and failed to respond to the Order to Show Cause. Given these failures and Montoya's refusal to comply with Court directives, the Court has no optimism that he would comply with future directives if given a lesser sanction and afforded a further opportunity to litigate.

After consideration of the Ehrenhaus factors, the Court determines that the appropriate sanction is dismissal with prejudice. Accordingly, this matter is referred to the presiding judge with

a recommendation that Montoya's lawsuit be dismissed with prejudice.[1]

                                                             Lorenzo F. Garcia
                                                              United States Magistrate Judge

---

[1] Within ten (10) days after a party is served with a copy of this memorandum and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such memorandum and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the memorandum and recommendation. Therefore, if no objections are filed by January 24, 2002, no appellate review will be allowed.